Banks, J.
This is an action for breach of contract to survey an undeveloped parcel of land in North Reading, Massachusetts owned by the plaintiff.
The reported evidence indicates that in October, 1985, the plaintiff orally engaged defendant Robert E. Anderson, Inc., a land surveying firm, to survey and mark the realty in question and to prepare a plot plan. The defendant firm quoted a price for its services “between $2,500.00 and $3,000.00” and indicated that the work would be performed later in the year when the absence of foliage would facilitate its completion. The plaintiff agreed to these terms, and there was no further contact between the parties until May, 1986. The plaintiff was then informed that the work had been completed, and received and paid the defendant’s bill in the amount of $2,769.00.
Approximately two months after the plaintiff’s payment for the survey, the plaintiff inspected the general area in which his properly was located and was allegedly unable to identify his property. The plaintiff thereafter initiated the present suit claiming that the defendant had failed to mark his surveyed property *74 in the manner agreed upon which would have permitted ready identification of the property.
The plaintiffs complaint alleged that the defendant had violated G.Lc. 93Aby breaching its contract with the plaintiff and by employing unfair and deceptive acts against him both before and after formation of the parties’ agreement
After trial, the court made the following findings of fact:
The plaintiff hired the defendant to survey a five acre lot.
The defendant surveyed the property but never showed the plaintiff the boundary lines or the markers in an on-site view of the property and never gave him a copy of the plan until the trial.
I find that there was no violation of General Laws Chapter 93A
I find that the defendant breached his contract and I assess damages in the amount of One Thousand ($1000.00) dollars.
Judgment was entered for the plaintiff.
In the report before this Division, the defendant claims to be aggrieved by the trial court’s allowance of certain requests for rulings of law filed by the plaintiff, denial of the defendant’s request for ruling number 2; denial of a number of defendant’s requests for findings of fact and the denial of the defendant’s motions for a directed finding at trial and for dismissal. We confine our review, however, to the sole issue of law actually presented by this appeal and argued by the defendant in its written brief. Dist./Mun. Cts. R. Civ. R, Rule 64(f). This issue is set forth in the following request for ruling number 2 which was submitted by the defendant and denied by the trial court:
Expert testimony is necessary in order to establish the standard of care applicable to a professional surveyor in the circumstances of this case, and the surveyor’s alleged departure from the standard. See Stewart v. Worcester Gas Light Co., 341 Mass. 425, 434 (1960) (engineer); Bartak v. Bell-Galyardt & Wells Inc., 629 F.2d 523, 529 (8th cir. 1980) (architect). Here, Gott’s failure to establish either the duty owed by Anderson, or Anderson’s breach of the duty, by expert testimony from a qualified surveyor, is fatal to his case. In the absence of any competent evidence as to the standard care, the court must find in favor of the defendant. Cf. also Fall River Savings Bank v. Callahan, 18 Mass. App. Ct 76,82 (1984) (expert testimony necessary to establish standard of care of attorney in particular circumstances).
Request for ruling number 2 manifests the defendant’s erroneous conceptualization of this action as one for negligence. In the same vein, the defendant’s motion to dismiss recites:
This case involves a claim that professional services of a technical nature were performed improperly.
The defendant is mistaken in this view of both the nature of the plaintiff‘s claim and the basis of the court’s decision in this case. The plaintiff’s complaint alleges, in pertinent part:
The plaintiff has paid the defendant the sum of $2,769.00 in order to determine the metes and bounds of the said property and he still has no better knowledge of the same than he had before the defendantwas hired to do the job.
This allegation constitutes, in part, a claim for breach of contract, and it was upon such contract claim that the trial court clearly based its decision in the plaintiffs favor. There was evidence at trial to support the court’s apparent finding that the plaintiff had specifically requested the defendant, and the defendant had so agreed, to mark the boundaries of the property by blazing *75 trees and marking corner points in readily visible ways. The trial court could have properly found that the defendant’s acknowledged failure to so mark the properly lines amounted to at least a partial breach of contract. In the light of such findings, the testimony of the defendant’s expert that the defendant had proceeded in accordance with accepted local professional norms rather than specific contract requirements is irrelevant to either the plaintiff s claim or the court’s judgment in this case.
The defendant argues unpersuasively that such terms as “blazing” and “staking” are of such technical specificity as to require expert testimony to determine the requirements of the contract and a breach thereof. In finding a breach of contract herein, the trial court specifically found that the plaintiff was not without sufficient expertise to testify as to what he observed as to the marking of the lot The court’s finding for the plaintiff ultimately rested upon its factual findings as to the terms of the oral contract and whether it had been performed as the parties’ agreed. As noted, the plaintiff’s testimony as to the contract’s requirements and the defendant’s acknowledged failure to blaze the property in accordance with such requirements support the court’s decision herein.
No additional questions of law were presented by the defendant with respect to the breach of contract issue. The court properly found no violation of G.Lc. 93A on a simple breach of contract. Pepsi Cola Metropolitan Bottling Co. v. Checkers, Inc., 754 F.2d 10 (1st cir. 1985).
Report dismissed.